UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:

BRYAN THOMAS MILLIREN,             CASE NO. 05-30237
          DEBTOR                   CHAPTER 7

ORDER

     **WHEREAS**, Bryan Thomas Milliren (the "Debtor") has filed his Motion for Authority to Enter Into Forbearance Agreement (the "Motion"); and

     **WHEREAS**, the Forbearance Agreement attached to the Motion (the "Agreement") reflects that prepetition the Debtor was a guarantor of the obligations of MTI-Milliren Technologies, Inc. a corporation of which he is an employee, president and shareholder; and

     **WHEREAS**, the Agreement reflects that in exchange for its agreement to forbear and refrain from exercising its rights under the borrowing agreements among MTI-Milliren Technologies, Inc., the Debtor and TD Banknorth, N.A. Massachusetts (the "Lender"), the Debtor individually agrees to execute a second mortgage on his home (the "Property"), waive any and all claims he may have against the Lender and seek bankruptcy court approval; and

     **WHEREAS**, the Chapter 7 trustee (the "Trustee") filed an objection to the Motion on the two principal grounds that there are no provisions under the Bankruptcy Code under which the Debtor can encumber the Property which is property of the estate and the Motion does not comply with 11 U.S.C. § 524 which section details the provisions for reaffirming a prepetition unsecured debt; and

     **WHEREAS**, the Debtor responded that the Trustee will not be able to administer the Property after it is deemed exempt, the Debtor can file a reaffirmation agreement and the Agreement is in the best interest of the estate; and

     **WHEREAS**, in his response the Debtor confirmed that the second mortgage which he would provide would be security for his personal guaranty of the debt of MTI-Milliren Technologies, Inc., and

     **WHEREAS**, I held a hearing on the Motion and objection at which time the parties

1

disputed whether the Debtor's ex-spouse was a secured creditor;[1] and

**WHEREAS**, after the hearing the Debtor submitted an affidavit describing the chain of possession of the stocks pursuant to the separation agreement which the Debtor and his ex-wife executed; and

**WHEREAS**, upon further reflection, the Court concludes that the Debtor cannot enter into the Agreement because (1) it is a reaffirmation of his pre-petition personal guaranty and the Debtor has not filed a reaffirmation agreement which is in conformance with 11 U.S.C. § 524; and (2) the Agreement provides for the Debtor to encumber the Property at a time when the real estate is property of the estate, 11 U.S.C. §541, not property of the Debtor, and the Debtor has provided no authority to encumber property of the estate;[2] and

**WHEREAS**, because the Debtor lacks the authority to encumber the property and enter into a Reaffirmation Agreement without complying with the applicable statute, I need not address the issue of whether the Trustee is entitled to administer the Property and the ex-spouse holds an

---

[1] The importance of this fact arose thusly: Under 11 U.S.C. §§ 507(a)(1)(A) and (B), an unsecured claim for domestic support obligations is given first priority. Under subsection (C), a trustee who is administering an estate will have priority over the foregoing claims "to the extent that the trustee administers assets that are otherwise available for the payment of such claims." The Trustee contends that this subsection, in addition to 11 U.S.C. § 522(c), entitles him to administer the Property even if there is no equity above the mortgages and homestead exemption. The Trustee claims that the ex-spouse holds either an undersecured domestic support obligation claim, as the only security for the payment of her 1.4 million dollar claim is the shares in MTI-Milliren Technologies, Inc. (which stock is worthless according to the Debtor's schedules) or an unsecured domestic support obligation because her security interest in the stock was never perfected by possession. The Debtor did not contest the valuation but did argue that her interest was perfected. The Debtor further contends that the claim of his ex-spouse cannot be considered a domestic support obligation under the definition set forth in 11 U.S.C. § 101(14A). I need not address these issues in order to decide the merits of the Motion.

[2] The Trustee asserted at the hearing without opposition from the Debtor that the period for objecting to the Debtor's claim of homestead has not yet expired.

2

unsecured or undersecured claim;[3]

    NOW THEREFORE, the Court orders as follows:

    1. The Motion is denied.

*William C. Hillman* (signature)

William C. Hillman
U.S. Bankruptcy Judge

Dated: 12/13/06

---

[3] Likewise, the Debtor has objected to the Trustee hiring a real estate broker as a preliminary step towards selling the Property. I entered an order allowing the hiring of the broker as the Property is property of the estate and the Debtor's opposition failed to demonstrate otherwise. If the Trustee files a motion to sell the Property, the Debtor will be able to interpose an objection.

3